**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **Delia Polanco**<br>        **Plaintiff** | §<br>§ | **MEMORANDUM OF LAW**<br><br>**Case No:**<br><br>For the miscellaneous action to find 3rd party witness Amanda Moreno in contempt of court for failing to respond to Plaintiff's subpoena.<br><br>**Case No.:**<br><br>**1:11-cv-07177-DAB-DCF** |
| **v.**<br>**NCO Portfolio Management, Inc.**<br>        **Defendant** | §<br>§ | *Currently pending in the United States District Court for the Southern District of New York* |

Memorandum of Law in Support of Plaintiff's Motion For An Order pursuant to
Fed.R.Civ.P. 45(g) holding Amanda Moreno in contempt of court for failing to obey
Plaintiff's subpoena for deposition; for an order to compel her deposition; and for
attorney's fees and costs pursuant to Fed.R.Civ.P. 37(a)(5), together with such other and
further relief as the Court deems just and proper

Service date: <u>January 8, 2014</u>

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES................................................................- ii -

I.   INTRODUCTION..................................................................- 1 -

II.  STANDARD .......................................................................- 1 -

III. FACTS................................................................................- 1 -

V.   ARGUMENT .......................................................................- 5 -

VI.  PRAYER FOR RELIEF ..........................................................- 6 -

i

# **TABLE OF AUTHORITIES**

**Rules:**

Fed.R.Civ.P. 45(g). ........................................................................................... 1, 5
Fed.R.Civ.P. 37(a)(5)............................................................................... 1, 6

**Cases:**

*Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. (E.D.N.Y. 2008) .................................. 5,6
*Beare v. Millington*, 2010 WL 234771 (E.D.N.Y. Jan. 13, 2010).................................6

ii

## I.       INTRODUCTION

Pursuant to Fed.R.Civ.P. 45(g) Plaintiff seeks an Order holding Amanda Moreno in contempt for failing to obey Plaintiff's subpoena from this court to appear for deposition; for an order to compel her deposition; and for attorney's fees and costs pursuant to Fed.R.Civ.P. 37(a)(5), together with such other and further relief as the Court deems just and proper.

## II.      CONTEMPT STANDARD UNDER Fed.R.Civ.P. 45

"There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is "clear and unambiguous," *Powell v. Ward*, 643 F.2d at 931 (citing *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 75-76, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967)); 2) the proof of non-compliance with that order must be " 'clear and convincing,' " id. (quoting *NLRB v. Local 282*, 428 F.2d 994, 1001-02 (2d Cir.1970)); and 3) it must be shown that the contemnor has not " 'been reasonably diligent and energetic in attempting to accomplish what was ordered.' " *Id.* (quoting *Aspira of New York, Inc. v. Bd. of Educ.*, 423 F.Supp. 647, 654 (S.D.N.Y.1976)). *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118-19 (E.D.N.Y. 2008)

## III.     FACTS

In the underlying FDCPA action, *Delia Polanco v. NCO Portfolio Management, Inc., Case No: 1:11-cv-07177-DAB-DCF*, third party witness Amanda Moreno failed to respond to Plaintiff's December 13, 2013 subpoena, issued by this court, for deposition on December 20, 2013. [Pl. Aff. ¶ 3]

On information and belief, Ms. Moreno is the managing attorney for a debt collection law-firm. Her deposition is important to the underlying action because Plaintiff's view is that Defendant NCO blames Ms. Moreno's firm in part for their delay in returning Plaintiff's money. [Pl. Aff. ¶ 5]. Amanda Moreno's failure to respond to Plaintiff's December 13, 2013 subpoena marked the fourth time Ms. Moreno either canceled a deposition scheduled at the last minute or otherwise did not appear. [Pl. Aff. ¶ 6].

Plaintiff first served a subpoena on Ms. Moreno on October 3, 2013 to appear for deposition on October 17, 2013.  [Pl. Aff. ¶ 7]. Ms. Moreno emailed Plaintiff on October 15, 2013, however, stating that she could not attend because she would be at a conference in Washington D.C. Plaintiff requested alternative dates but Ms. Moreno initially refused to respond. [Pl. Aff. ¶ 8]. In these emails following the canceled October 17, 2013 deposition, Plaintiff indicated on October 21, 2013 that she would move for contempt or seek an order to compel if Amanda Moreno would not respond or provide alternative deposition dates. [Pl. Aff. ¶ 9]. On October 29, 2013 Amanda Moreno confirmed availability for deposition on November 13, 2013 via email. [Pl. Aff. ¶ 10].

At the time, the parties faced a discovery deadline of November 4, 2013.  Plaintiff filed a motion in the Southern District of New York to compel Ms. Moreno to appear for deposition before or on November 4, 2013 or alternatively to extend the discovery deadline. Magistrate Judge Freeman granted Plaintiff's request to extend discovery until November 13, 2013 in order to take Amanda Moreno's deposition. [Pl. Aff. ¶ 11]. Subsequently, Plaintiff served Ms. Moreno with a subpoena to appear at a deposition on November 13, 2013. The subpoena was served on Ms. Moreno on November 4, 2013.

- 2 -

[Pl. Aff. ¶ 12]. On November 11, 2013, however, Ms. Moreno emailed Plaintiff indicating she could not attend the November 13, 2013 deposition because her brother in law was in hospice. [Pl. Aff. ¶ 13]. On November 13, 2013, Plaintiff filed a motion to enlarge time to appear at deposition with the court. With the Southern District of New York's Magistrate Judge Debra Freeman's permission, the parties then agreed to extend the time to depose Ms. Moreno by 30 days. [Pl. Aff. ¶ 14].

On November 12, 2013, via email Plaintiff agreed with Amanda Moreno to take her deposition on December 3, 2013. [Pl. Aff. ¶ 15]. On November 20, 2013, Plaintiff served Amanda Moreno, with a subpoena to be deposed on December 3, 2013. [Pl. Aff. ¶ 16]. At 9:52PM on December 2, 2013, Ms. Moreno emailed to confirm that she would be attending the deposition. Oddly, Ms. Moreno indicted her belief that she was not required to attend absent a court order. [Pl. Aff. ¶ 17].

At 10:04AM the morning of December 3, 2013, however, Ms. Moreno emailed Plaintiff stating she would not attend the deposition because she there had been a death in her family. [Pl. Aff. ¶ . 18]. In light of those circumstances and respecting Ms. Moreno's difficulties, Plaintiff requested an additional 45 day extension to take Ms. Moreno's deposition, which Magistrate Judge Debra Freeman granted. [Pl. Aff. ¶ 19].

On December 3, 2013, Plaintiff asked Amanda Moreno and Defendant's counsel to "provide dates in the first 3 weeks of January that you each have conflicts". Despite the fact that the court granted a 45 day extension, Ms. Moreno indicated that her deposition could be taken within 15 days. When asked for a specific date, however, Ms. Moreno refused to reply. [Pl. Aff. ¶ 20]. Without having heard from Ms. Moreno, Plaintiff asked on December 7, 2013 for Ms. Moreno to "give me a response by the end

- 3 -

of the day  Monday or I will just pick a date. My preference obviously is to preclear

dates. Also let me know about conflict dates from Tuesday through December 20th". [Pl.

Aff. ¶ 21].

On December 13, 2013, having still heard no response from Amanda Moreno,

Plaintiff emailed Ms. Moreno notifying her that she was issuing a subpoena to appear at

deposition on December 20, 2013. [Pl. Aff. ¶ 22].

On December 16, 2013, Plaintiff again emailed Amanda Moreno stating

"Amanda, last request for an alternative date this week. I will send the subpoena for

service at 1:00PM and move for contempt if there is no attendance. This would be the

fourth subpoena issued for your deposition, I believe". [Pl. Aff. ¶ 23].

Despite being served with the subpoena on December 18, 2013; having email notice of

the subpoena since December 13, 2013; and stating on December 3, 2013 that she was

available within 15 days, Ms. Moreno failed to appear at the deposition on December 20,

2013. [Pl. Aff. ¶ 24].

On January 2, 2014 Plaintiff called Ms. Moreno by phone and  left her a message

seeking to reschedule the deposition and informing her that if no response was received

Plaintiff would move to hold her in contempt.[Pl. Aff. ¶ 25]. On January 6, 2014 Plaintiff

called Ms. Moreno by phone and  left her a message seeking to reschedule the deposition

and informing her that if no response was received Plaintiff would move to hold her in

contempt. [Pl. Aff. ¶ 26].

Plaintiff has incurred the  expense  of  multiple subpoenas,  attorney's fees, and

witness fees in addition to having taken time from the court due to last minute

cancellations and to file multiple extensions for discovery  cutoffs in the underlying

- 4 -

action because Ms. Moreno has repeatedly refused to attend her deposition. Specifically, Plaintiff has taken her and the court's time to extend discovery on three occasions. [Pl. Aff. ¶ 27]. Plaintiff has paid process servers a total of $540 serving Ms. Moreno with subpoenas for deposition at which she never appeared. [Pl. Aff. ¶ 27]. In addition, Plaintiff was forced to pay $175 to a court reporter for the cancelled deposition on December 3, 2013. [Pl. Aff. ¶ 27].

## IV.   ARGUMENT

### A. Amanda Moreno Should be Held in Contempt For Failing to Respond to Plaintiff's December 13, 2013 Subpoena and Appear at Deposition on December 20, 2013.

Amanda Moreno's failure to respond to Plaintiff's December 13, 2013 subpoena and appear at deposition on December 20, 2013 allows this court to find her in contempt. "Under Rule 45 of the Federal Rules of Civil Procedure, '[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.' Fed.R.Civ.P. 45(e). Rule 45 grants the court the power to hold a party in contempt 'simply on the basis of failure to comply with a subpoena.' PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y.2002) (citing Diamond v. Simon, No. 89 CV 7061, 1994 WL 10622, at *1 (S.D.N.Y. Jan.10, 1994); Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir.1991))". *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 117 (E.D.N.Y. 2008).

"The court 'has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages'".*Id.*, quoting *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir.). In addition, "the Advisory Committee Notes to Rule 45 of the Federal Rules of Civil Procedure provide

- 5 -

that 'a non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34'". *Beare v. Millington*, 07-CV-3391(ERK)(MDG), 2010 WL 234771 (E.D.N.Y. Jan. 13, 2010).

Given that Amanda Moreno is an important fact witness in the underlying action, *Delia Polanco v. NCO Portfolio Management, Inc., Case No: 1:11-cv-07177-DAB-DCF*; that Plaintiff has, to date, tried unsuccessfully to obtain her deposition by subpoena on four occasions; and that Amanda Moreno remains uncooperative with Plaintiff's attempts to gain her deposition, this court should exercise its powers to find Amanda Moreno in contempt or to compel her to appear at deposition.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff Delia Polanco requests that the Court issue an Order pursuant to Fed.R.Civ.P. 45(g) holding Amanda Moreno in contempt of court for failing to obey Plaintiff's subpoena for deposition; for an order to compel her deposition; and for attorney's fees and costs pursuant to Fed.R.Civ.P. 37(a)(5), together with such other and further relief as the Court deems just and proper.

Dated:

        January 8, 2014
        New York, New York

                Respectfully submitted,

                _____/s/_____
                Ahmad Keshavarz
                The Law Office of Ahmad Keshavarz
                16 Court St., 26th Floor
                Brooklyn, NY 11241-1026

- 6 -

Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com